**420**

UNITED STATES of America,
Plaintiff—Appellee,

v.

Wilbert CHERRY, Jr., Defendant—
Appellant.

No. 00–5266.

United States Court of Appeals,
Sixth Circuit.

April 19, 2001.

Before KENNEDY and SUHRHEINRICH, Circuit Judges; McKEAGUE, District Judge.*

PER CURIAM.

Defendant Wilbert H. Cherry, Jr., appeals his jury conviction and sentence pursuant to 18 U.S.C. § 924(c) for use of a firearm during a drug trafficking offense. He argues that his conviction was not supported by sufficient evidence because the United States did not establish that Defendant used the firearm "during and in relation to" a drug trafficking crime, as required by the statute. We AFFIRM.

I.

On April 11, 1998, Oak Ridge Police Officer Michael McCoy detained Defendant in a routine traffic stop. When asked to produce his license, Defendant admitted that it had been suspended. McCoy noticed that Defendant was fidgeting nervously within the vehicle. Concerned for his own safety, McCoy ordered Defendant

---

* The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

out of the car and arrested him for driving with a suspended license.

A search of Defendant's person revealed a set of brass knuckles. Within Defendant's vehicle police discovered a black baseball cap, which concealed a small holster. Hidden under a plastic cover at approximately the point where the steering column emerged through the dash, officers uncovered a small semi-automatic pistol containing six rounds of .380 caliber ammunition.[1] Finally, officers discovered more .380 caliber rounds, along with three bags containing crack cocaine, hidden under the ashtray in the vehicle's console.

A federal grand jury in the Eastern District of Tennessee returned a two-count Indictment on May 5, 1998, charging Defendant with (1) possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and (2) using or carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c).

On July 7, 1998, a federal grand jury in the Eastern District of Tennessee returned a four-count Superseding Indictment, adding two counts charging Defendant with possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1).

After a trial, the jury found Defendant guilty on all four counts. Defendant was sentenced to a term of 120 months imprisonment as to Counts One, Three and Four, to run concurrently, and 60 months imprisonment as to Count Two to run consecutively to Count One.

## II.

Defendant argues that there was insufficient evidence to support his § 924(c) conviction because the United States failed to present any evidence that Defendant carried a gun "during or in relation to" a drug trafficking offense. Specifically, Defendant asserts that (1) the United States failed to present any direct evidence linking the gun to the underlying drug offense, and (2) his § 924(c) conviction was improper because possession of cocaine with intent to distribute, under 21 U.S.C. § 841(a)(1) and 841(b)(1)(B), is not a "drug trafficking" offense, but a simple possession offense.

We review a claim of insufficient evidence using the same standard as the district court. *United States v. Avery*, 128 F.3d 966, 971 (6th Cir.1997). "In deciding whether the evidence is sufficient to withstand a motion for an acquittal, and support a conviction, the court views all evidence in the light most favorable to the prosecution and determines whether there is any evidence from which a reasonable jury could find guilt beyond a reasonable doubt." *United States v. Talley*, 164 F.3d 989, 996 (6th Cir.1999). "A court properly denies a challenge to the sufficiency of the evidence where 'after viewing the evidence in a light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original)).

Under 18 U.S.C. § 924(c)(1), the United States must prove that the defendant: (1) used or carried a firearm; (2) during and in relation to a drug trafficking crime. *United States v. Warwick*, 167 F.3d 965, 971 (6th Cir.1999). Defendant concedes that he "carried" a firearm within the

---

1. The ammunition was stored in the gun's magazine; there was no round in the chamber.

meaning of § 924(c)(1). His only argument is that the United States failed to prove that the firearm was carried "during and in relation to" his drug offense of possessing crack cocaine with intent to distribute.

 "To establish that a firearm was carried 'in relation to' a drug trafficking offense, the evidence must support a finding that the firearm furthered the purpose or effect of the crime and that its presence or involvement was not the result of coincidence." *Id.* The Supreme Court has held that the "in relation to" element is met if the gun facilitates or has the potential of facilitating the drug trafficking offense. *See Smith v. United States,* 508 U.S. 223, 238, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993); *Warwick,* 167 F.3d at 971. We examine "the totality of the circumstances surrounding the commission of the crime: the emboldened sallying forth, the execution of the transaction, the escape, and the likely response to contingencies that might have arisen during the commission of the crime." *United States v. Brown,* 915 F.2d 219, 226 (6th Cir.1990). Therefore, a conviction under § 924(c) will be upheld if the evidence is sufficient to support a finding that the possessor of the firearm intended to have the firearm available for use during or immediately following the drug transaction, or if the weapon facilitated the crime by "lending courage" to the possessor. *See id.*

 We conclude that Defendant's argument lacks merit because the United States presented evidence that a loaded weapon was located within Defendant's reach in his car, that a holster for the weapon was concealed within Defendant's hat, and that additional ammunition for the weapon was hidden within the vehicle alongside the cocaine. Taking this evidence in the light most favorable to the prosecution, it is clear that a rational trier of fact could have concluded that Defendant intended to have the firearm available for use during or immediately following the transaction.

We similarly reject Defendant's argument that the United States failed to present even a scintilla of evidence to link the gun to the cocaine. Defendant ignores that his close proximity to the drugs, the gun, the concealed holster, and the additional ammunition is sufficient circumstantial evidence, when viewed in a light most favorable to the prosecution, to support the § 924(c) conviction. *See Warwick,* 167 F.3d at 971 (holding that circumstantial evidence alone is enough to sustain a conviction).

Finally, there is no merit to Defendant's contention that his § 924(c) conviction was improper because a gun cannot be used to facilitate the mere possession of the drugs. First, Defendant was not convicted of mere possession, but possession with intent to distribute. *See* 21 U.S.C. § 841(a)(1). Second, § 924(c)(2) defines "drug trafficking crime," in part, as "any felony punishable under the Controlled Substances Act (21 U.S.C. § 801, *et seq.*)." Possession with intent to distribute, as found in 21 U.S.C. § 841(a)(1), is therefore plainly a drug trafficking crime for purposes of § 924(c).

### III.

For the foregoing reasons, we AFFIRM the conviction and sentence.